Filed 9/16/21  P. v. Santana CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B309365 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA158761) |
| v. | |
| DEMECIO SANTANA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Affirmed.

Kirstin M. Ault, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Defendant Demecio Santana appeals from an order summarily denying his application to redesignate a robbery conviction as a misdemeanor offense pursuant to Penal Code[1] section 1170.18.  Because robbery cannot be redesignated as a misdemeanor, we affirm.

## BACKGROUND

In December 1997, the People charged defendant in a one-count information with second degree robbery in violation of section 211, alleging that defendant took personal property by means of force and fear.  The People further alleged that the robbery was a felony.  In January 1998, defendant pleaded guilty to count 1.  The trial court suspended imposition of sentence, placed defendant on formal probation, and required him to serve 365 days in county jail.  The court warned defendant, "If you violate your probation in this case, the court can sentence you either to two years, three years or five years in state prison."

On July 30, 2020, defendant filed an application for resentencing of the 1998 robbery conviction pursuant to section 1170.18, a statute added by Proposition 47.  Defendant stated that he was convicted in 1998 of second degree robbery. Defendant described the offense as " 'purse snatching.' "  The People opposed the petition on the ground that defendant's robbery conviction does not qualify for Proposition 47 relief.

The trial court summarily denied defendant's application for resentencing.

After an examination of the record, appellate counsel filed an opening brief which raised no issues and requested this court

---

[1]  Undesignated statutory citations are to the Penal Code.

2

conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant submitted a supplemental brief. Because defendant submitted a supplemental brief, we consider the trial court's order on the merits. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1040, rev. granted Oct. 14, 2020, S264278.)

## DISCUSSION

"In November 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act. [Citation.] Proposition 47 'reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies.' [Citation.] Under Proposition 47, grand theft of property valued at $950 or less is a misdemeanor if the defendant does not have a specified prior conviction. [Citation.] Proposition 47 also added section 1170.18, which permits a defendant to petition to have his or her felony conviction resentenced to or redesignated as a misdemeanor. [Citation.] A petition or application under section 1170.18 must be filed on or before November 4, 2022, absent a showing of good cause." (*People v. Bear* (2018) 25 Cal.App.5th 490, 495.)

The offenses that may be reclassified as misdemeanors include: "shoplifting of property worth $950 or less (Pen. Code, § 459.5, subd. (a)); forgery of instruments worth $950 or less (Pen. Code, § 473, subd. (b)); fraud involving financial instruments worth $950 or less (Pen. Code, § 476a, subd. (b)); theft of, or receiving, property worth $950 or less (Pen. Code, §§ 490.2, subd. (a), 496, subd. (a)); petty theft with a prior theft-related conviction (Pen. Code, § 666, subd. (a)); and possession of a controlled substance (Health & Saf. Code, §§ 11350, subd. (a),

3

11377, subd. (a)).' " (*People v. DeHoyos* (2018) 4 Cal.5th 594, 597–598; see also *People v. Valencia* (2017) 3 Cal.5th 347, 355.)

Defendant pleaded guilty to robbery, a violation of section 211 and admitted that it was a felony. Robbery is not a qualifying crime for resentencing relief under Proposition 47. The trial court properly denied his petition.

Defendant filed a supplemental letter brief in which he argued, "The trial court erred in concluding that my robbery conviction did not qualify for Proposition 47 relief." (Underscoring omitted.) According to defendant, his 1998 robbery conviction was a petty theft under section 490.2[2] and qualifies as a misdemeanor because the trial court suspended imposition of his sentence and placed him on formal probation requiring him to serve 365 days in jail. Defendant is not correct.

Defendant pleaded guilty to violating section 211, not to violating section 490.2. Defendant pleaded guilty to "a Felony." Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or

---

[2] Section 490.2, subdivision (a) provides: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

4

fear." (§ 211.)  Robbery is not mere theft but is accomplished by "means of force or fear."  (*Id.*)  The court's suspension of imposition of the sentence after defendant's guilty plea did not transmute the robbery into mere theft, or into a misdemeanor just because defendant served his time in a jail.  Defendant—who was convicted of robbery—is simply not statutorily eligible for relief under section 1170.18.

## DISPOSITION

The order denying defendant's petition for resentencing pursuant to section 1170.18 is affirmed.

NOT TO BE PUBLISHED.


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



CHANEY, J.